### BRANCIFORTI et v
### 98TH REALTY CO et

Ohio Appeals, 8th Dist, Cuyahoga Co

No 14428. Decided July 6, 1935

. Buonpane & Buonpane, Cleveland, for plaintiffs.

John W. Bricker, Attorney General, Columbus, L. F. Laylin, Special Counsel, Columbus, and H. O. Zigler, Cleveland, for Supt. of Banks.

Thompson, Hine & Flory, Cleveland, Amicus Curiae.

MIDDLETON, PJ, BLOSSER and
McCURDY, JJ, (4th Dist),
sitting by designation.

492

## OPINION

By BLOSSER, J.

Admitting all the facts pleaded in the answer the question involved is whether the plaintiffs have established a right to priority and preference or whether the contention of the Superintendent of Banks is correct that the relationship of debtor and creditor existed between the plaintiffs and the trust company.

This money was placed in the bank pursuant to an escrow agreement, the terms of which are stated in the answer. This contract provided the terms on which the bank held the money and the terms on which it could be paid out.

Counsel for the Superintendent of Banks relies on §710-165 GC which provides:

"No property or securities received or held by any trust company in trust shall be mingled with the investments of the capital stock or other properties belonging to such trust company or be liable for its debts or obligations. Money pending distribution or investment may be treated as a deposit in the trust department or may be deposited in any other department of the bank, subject in other respects to the provisions of law relating to deposit of trust funds by trustees and others."

It is asserted that the Supreme Court in the case of **McDonald, Admr. v Fulton, 125 Oh St 507,** has decided the principle involved in this case. The syllabus of that case is as follows:

"1. The provisions of §710-165 GC, authorize a bank organized under the laws of this state, with powers of a trust company, to make a general deposit of money received by it as trustee and held temporarily pending investment or distribution, in the commercial or other department of such bank, unless otherwise expressly provided by the trust agreement creating and controlling such trust.

2. As to such funds the relation of the bank and trustee is as debtor and creditor, and funds thus deposited may be used by the bank in its general business as other assets.

3. The rights of the trustee, with reference to the funds so deposited, are no greater than or different from those of other

general depositors, and upon liquidation of the bank they all share proportionately in the distribution of the assets."

We are of the opinion that this case is distinguished from the case at bar in that the instant case comes within the exception stated in the first paragraph of the syllabus and that when the money was deposited under the escrow agreement it came within the express terms of "unless otherwise provided by the trust agreement creating and controlling such trust." There is nothing in the escrow agreement which permitted the trust company to use the money deposited for other purposes than those stated in the escrow agreement.

In the case of **Fulton v Paper Co., 129 Oh St 90,** it is said:

"1. In order to assert successfully a claim for preference in the distribution of the assets of an insolvent bank, a depositor must establish legal or equitable title to the deposits he has made. If title to the funds deposited has passed to the bank he becomes a creditor and as such has no valid claim for preference.

2. In determining whether title to funds deposited has passed to the depositary bank, regard must be had to the agreement under which the deposit is made and to all the conditions and circumstances of the arrangement. * * *

3. Before a depositor's claim for preference in the distribution of the assets of an insolvent bank may be allowed, he must be able to trace the fund to which he asserts title into the bank's assets at the time of closing. It is not necessary, however, that he follow in specie particular dollars deposited nor that he show that his deposits were converted into specific quantities of cash."

In the opinion the court quotes with approval 5 O. J. 509 as follows:

"Under earlier holdings the mingling of trust funds with money of the trustee, was held to defeat the owner's title and compel him to stand as a mere unsecured creditor upon the theory that money was not earmarked and therefore could not be recovered in specie. But this view seems no longer to obtain in Ohio. It is not, the courts say, the identical dollars that may be pursued, any more than it is the identical grains of wheat put in a warehouse or elevator that the depositor may follow, but the equivalent in dollars. The rule is that, where a bank mingles trust money with its own funds, money paid out from such funds

for its own purposes will be presumed to have been paid from its own money and not from the trust fund, in a situation where the mingled fund has not been reduced at any time below the amount of the trust fund. This presumption rests upon the idea that the amounts drawn out from time to time were of moneys which the bank had a right to expend in its own business, and that the balance which remained included the trust fund, which the bank had no right to use, and the use of which would have been a violation of its trust, which will not be presumed in the absence of evidence to that effect."

Counsel have referred to **16 O. J. 368**, as follows:

"The depositary of an escrow is said to be the agent of both parties for the purpose of making delivery upon the performance of the conditions; strictly speaking, however, the depositary is not an agent at all, but rather the trustee of an express trust, with duties to perform for each of the parties, the performance of which neither can forbid without the consent of the other. The depositary may not perform any acts with reference to handling the deposit or its disposal, which are not authorized by the contract of deposit. Thus, a depositary holding a deed conveying land and a sum of money to pay therefor, the transaction to be consummated at a definite fixed time which is made the essence of the contract, may not in the absence of express authority from the vendee, surrender to the vendor any part of the money held, to enable him to remove encumbrances and perfect his title."

When the plaintiffs placed in the bank the $2990.00 and it was accepted by the bank under the terms of the escrow agreement, it becomes wholly immaterial to attempt to draw any fine distinctions as to whether the term escrow was used correctly or whether the term stakeholder be a more appropriate description. The money could only be withdrawn pursuant to the terms of the contract. The trust company became obligated to do nothing with this money which would be in violation of its instructions. In our opinion §710-165 GC authorizes the bank to deposit trust funds in any department of the bank only in cases where no instructions concerning the deposit of the fund were given to the bank at the time the deposit was made. When the instrument of trust provides otherwise or where the intention of the parties is to the contrary, such authority to transfer the funds or to use the

funds as general assets of the bank must be denied. In other words, the contract upon which the deposit was made must govern the manner in which the deposit should be used. The designation of the account as an escrow account lends support to the contention that it was the intention of the parties that this fund should be treated as a special fund to be distributed only in accordance with definite instructions and pursuant to the agreement of the parties. Under this agreement the Union Trust Company was bound to do nothing with this money that would be contrary to the terms of the agreement on which the deposit was made. The mere fact that the trust company made a change in its bookkeeping and entered the deposit in a different account would not change the terms of the contract on which the deposit was made.

Sec 710-165 GC, is in derogation of the general law of trusts which requires a trustee to not intermingle trust funds with his own. The section being in derogation of the general law it must be strictly construed and given a restricted meaning and will not operate against the clear intention of the parties. The section has reference to cases only where no instructions with reference to the deposit of the fund were given to the bank. It can have no application where the parties by their contract or conduct clearly intend that the relation of debtor and creditor shall not arise.

For the reasons given, we are of the opinion that the plaintiffs are entitled to a preference for their deposit in the sum of $2990.00. The demurrer to the answer of the Superintendent of Banks will be sustained.

It is the understanding of the court from the oral argument of counsel that the disposition of the demurrer to the answer will also be determinative of the rights of the parties in cases No. 14432 and No. 14495, and entries may be prepared in those cases according to this opinion.

MIDDLETON and McCURDY, JJ, concur.