### BROWNELL CO v SQUIRE

Ohio Appeals, 2nd Dist, Montgomery Co

No 1356. Decided April 7, 1936

A. K. Meck, Dayton, for plaintiff in error. John W. Bricker, Attorney General, Columbus, Hubert A. Estabrook, Special Counsel, Dayton, and Rowland McKee, Dayton, for defendant in error.

---

### OPINION

By THE COURT

Submitted on the application of plaintiff in error to certify to the Supreme Court of Ohio as being in conflict with the decision of the Court of Appeals of the Eighth District in the case of Banciforti et v 98th Realty Company et, 19 Abs 490.

In the case at bar no restrictions, either orally or in writing, were placed upon the depositor and no special contract was made by the depositor with the depositary. The Union Trust Company. In the Branciforti case, supra, it appears that the deposit was made pursuant to the terms of an escrow agreement. This factual difference in the two cases precludes a finding of conflict. In our opinion the correct rule is stated in the Branciforti case, when the court says:

"In other words, the contract upon which the deposit was made must govern the manner in which the deposit should be used."

This pronouncement is in line with that of the Supreme Court in the case of Squire, Supt. of Banks v Oxenreiter et, 130 Oh St, 475 to which we referred in our opinion upon the application for rehearing.

We have examined the case of Squire, Supt. of Banks v Nally et, 130 Oh St, 582, decided March 25, 1936. We find nothing in that opinion inconsistent with the conclusions at which we have arrived.

The application for a certificate of conflict is therefore denied.

BARNES, PJ, HORNBECK and BODEY, JJ, concur.